IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT BACA,

    Plaintiff,

v.                                                                 Civ. No. 98-1251 JP\RLP

CHACE MAYHEW, CONRAD
CANDELARIA, LOUIS GOLSON,
RAYMOND BACA, JAMES BADWAY,
and DONALD MCGRATH, in their
individual capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court upon stipulation of the parties. This case is brought under 42 U.S.C. § 1983 and for assault and battery under the New Mexico Tort Claims Act. Plaintiff alleges that the defendant police officers used unnecessary force when arresting him. During the course of discovery Plaintiff requested the defendants' internal affairs files. The defendants produced the files concerning the incident in question, but resisted the production of the complete files for each officer. The parties agreed to having the court view the files *in camera* to determine whether they should be produced. *See* Stipulated Protective Order [Doc. 25]. I have reviewed the files as requested. For the following reasons I find that seven (7) of the files are subject to production.

The complaint alleges that on April 30, 1997 Plaintiff was leaving a convenience store when a man in civilian clothes in an unmarked car flashed something at him. Alarmed, Plaintiff got into his car and drove until he encountered a road block. Plaintiff left

his car and began to run.  He alleges that the defendants chased him, pushed him to the ground, handcuffed him, and then beat him.  He suffered a broken arm, broken ribs, and a collapsed lung.  In addition to the physical injuries, Plaintiff alleges emotional and psychological injuries.  He seeks both compensatory and punitive damages.

In resisting production of the internal affairs' files, the defendants assert their right to privacy in the requested materials.  Issues concerning privileges in federal civil rights cases are determined by federal law.  *See, e.g. Hampton v. City of San Diego*, 147 F.R.D. 227, 230 (S.D. Calif. 1993); *King v. Conde*, 121 F.R.D. 180, 187 (S.D.N.Y. 1988).  Civil rights' plaintiffs frequently request production of police internal investigation files or the officers' personnel files and the defendant law enforcement personnel, in resisting production of those files, assert the "self critical analysis" or "deliberative process," privileges or official information privilege.  *E.g., Soto v. City of Concord*, 162 F.R.D. 603, 611-16 (N.D. Calif. 1995) (citing cases).  Law enforcement personnel also assert their privacy rights in such information, arguing that the information is confidential.  *Id.* at 616-17 & n.6 (citing cases).  In this case, only the claim of confidentiality was raised by the defendants.[1]

Law enforcement personnel do not have a privacy interest in records that relate solely to their work as law enforcement officers, although they may have a privacy interest in their own personnel files.  *See, e.g.*, *Denver Policemen's Protective Ass'n v.*

---

[1] Because the self-critical analysis privilege was not raised by the defendants, this issue is not discussed.  At any rate, defendants arguably have waived the privilege by producing the internal affairs files for the incident at issue.  The court will leave to another case the applicability of this privilege in cases that do not involve municipal liability.  *Cf. Weekoty v. United States*, 30 F. Supp.2d 1343 (D.N.M. 1998).

2

*Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981).  Nevertheless, wholesale production of such investigatory documents should be challenged pursuant to *Graham v. Connor*, 490 U.S. 386, 393 (1989).

Prior to *Graham*, excessive force cases, whether arising in the context of an arrest or in a prison setting, were generally analyzed under a four-part substantive due process test, which included the question of whether force was applied in a good faith attempt to restore order or maliciously and sadistically for the purpose of causing harm.  *Id.* at 393 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033 (1973)).  The *Graham* Court held that § 1983 cases alleging unnecessary force in the context of an arrest or investigatory stop should be analyzed under the Fourth Amendment; *i.e.,* "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Id.* at 397.

> An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Id.*

Thus, the "'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Id.* at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)).   Given this standard, the issue is whether the defendants' internal affairs files are discoverable pursuant to Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not

3

privileged, which is relevant to the subject matter involved in the pending action . . . if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.").

Since *Graham,* few courts have discussed production of internal affairs files given the new standard. One California district court case, *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Calif. 1990), *aff'd*,12 F.3d 1107 (9th Cir. 1993), discusses the discoverability of internal affairs files after *Graham*.[2] The court noted that until the *Graham* case, § 1983 plaintiffs routinely requested all internal affairs investigatory files to enable the plaintiff to show malicious or sadistic intent by referencing prior instances of excessive force. 132 F.R.D. at 682. After *Graham*, however, evidence of "evil intent" is neither required nor relevant.

> It logically follows that if evidence of evil intent has "no place in the inquiry" at trial, the gathering of that evidence is not necessary in discovery. The time consuming and controversial plunge into the past complaint records of arresting police officers can and should be averted as a general rule. Discovery in § 1983 cases in the area of excessive force is thus greatly simplified.

*Id*.

The *Martinez* court noted two exceptions: First, when there are allegations of municipal liability then such evidence may necessarily include evidence of past misconduct on the part of the municipality's law enforcement personnel. *Id*. The second exception is where punitive damages are claimed. Because punitive damages can only

---

[2] The case has been criticized by subsequent cases for its finding that California state law concerning public records applied to the files, but that finding is not relevant to the *Martinez* court's discussion of discovery post-*Graham*.

4

be awarded where there is evidence of evil motive or reckless disregard for the constitutional rights of others, see Smith v. Wade, 461 U.S. 30, 51 (1983), the *Martinez* court developed a two-part test when punitive damages are claimed in a *Graham* Fourth Amendment case:

> [D]iscovery of an officer's past record (with the attendant possibility that all these incidents will become trials within themselves) should only be permitted when: (1) the allegations of the complaint, if proved, would probably result in a punitive damage award, and (2) review of the sought discovery(preferably *in camera*) would indicate that there is a reasonable possibility that the potential discovery would lead to a verdict of punitive damages.

132 F.R.D. at 683.

Other courts have discussed discovery of internal affairs files in terms of whether evidence of prior conduct may be relevant to claims of punitive damages. *Stewart v. Rouse*, 1998 WL 381975 (N.D. Ill. 1998) *1 (collecting cases) (unreported decision). Generally, § 1983 plaintiffs who claim punitive damages are allowed discovery of internal affairs files when those files contain similar instances of conduct and are not too remote in time. *Id*.

The internal affairs files, as enumerated below, each contain allegations of excessive force against the respective defendants and these files shall be produced.[3] There is one file containing an allegation of excessive force which occurred in 1988 and I find that incident is too remote in time to be produced. Prior to producing the documents

---

[3] Requiring production, however, does not mean that the court finds that the incidents in those files are significantly similar to the case at bar or that they will be admissible at trial.

5

the parties may either stipulate to, or move for, entry of an appropriate protective order.

IT IS THEREFORE ORDERED THAT the following internal affairs files (references are by defendant and Bates numbers) shall be produced to Plaintiff, subject to an appropriate protective order, within ten (10) days of entry of this Order, or at a time mutually agreed to by the parties:

1. Officer Mayhew: IA000527-556;
2. Officer Golson: IA000557-559; IA000571-606;
3. Officer Badway: IA-000611-647; IA000705-750; and
4. Detective McGrath: IA000194-197.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge