# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ROBERT BACA,**

      **Plaintiff,**

      **vs.**                                            **CIV No. 98-1251 JP/RLP**

**CHACE MAYHEW,**
**CONRAD CANDELARIA,**
**LOUIS GOLSON,**
**RAYMOND BACA,**
**JAMES BADWAY, and**
**DONALD McGRATH, in their individual capacities,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

On June 25, 1999, Defendant Donald McGrath filed a Motion for Summary Judgment under FED. R. CIV. P. 56(a) (Docket. No.33) together with a supporting Memorandum, Plaintiff's Response, and Defendant's Reply.[1]  After considering these documents and the applicable law, I conclude that Defendant's motion should be denied.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue of material fact and movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis of its motion and identifying those portions of 'pleadings, depositions, answers to interrogatories, and

---

[1] Neither Plaintiff nor Defendant highlighted those portions of the exhibits the parties wished to bring to the Court's attention, as required under D.N.M.LR-Civ. 10.6.  Additionally, both Plaintiff and Defendant submitted duplicate exhibits in violation of D.N.M.LR-Civ. 10.7.

admissions on file, together with affidavits, if any,' which movant believes demonstrates absence of genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Id*. In deciding a motion for summary judgment, the district court may not make factual or credibility determinations or weigh the evidence. *See, e. g., Hirase-Doi v. U. S. West Communications*, 61 F. 3d 777, 785 n. 4 (10th Cir. 1995) ("[C]redibility determinations should not be made on summary judgment."); *Concrete Works of Colorado, Inc. v. City and County of Denver*, 36 F. 3d 1513, 1518 (10th Cir. 1994) ("At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter."), *cert. denied*, 514 U. S. 1004 (1995).

## BACKGROUND

The facts in the record most favorable to Plaintiff are as follows. On April 30, 1997, while investigating a stabbing, Defendant McGrath approached a parked van in which Robbin Fellum was sitting in the driver's seat and Plaintiff Baca was sitting in the passenger seat. Ms. Fellum began to drive away, but soon pulled into a driveway and stopped. Plaintiff then got out of the van and attempted to run away. After Plaintiff ran about fifty to a hundred yards, an officer tackled Plaintiff, took Plaintiff to the ground, and handcuffed him. According to Plaintiff's sworn Answer to Interrogatory No. 7: "Then Detective McGrath came over and rammed what felt like a knee into the right side of my back, with a lot of force. It was at this point that my chest started to hurt; breathing became difficult soon after. He said, 'don't you ever try to run away from me

2

again,' or words to that effect.  Detective McGrath pulled me up by my handcuffs, hurting my shoulder, and he and a uniformed officer dragged me to a police care where Robin was."

 Several hours later an ambulance transported Plaintiff to the hospital, where doctors diagnosed Plaintiff as having several broken ribs, a broken humerus, and pneumothorax-bleeding in the lung cavity.  On October 7, 1998, Plaintiff filed suit alleging violation of his Fourth Amendment rights by the use of excessive force and assault and battery.  (Complaint ¶ 14, 16.)

## DISCUSSION

Defendant McGrath argues that the claims against him should be dismissed with prejudice because he was not near Plaintiff at the time Plaintiff claims to have been injured and because Defendant McGrath  never had physical contact with Plaintiff.  Plaintiff argues that Defendant McGrath's Motion for Summary Judgment should be denied because Defendant McGrath was the officer who actually injured Plaintiff by jamming his knee into Plaintiff's lower right back and by forcibly lifting Plaintiff up from the ground by the handcuffs.

Although Defendant McGrath has submitted the testimony of several witnesses who say that he never physically contacted Plaintiff, I cannot assess the credibility of witnesses or weigh the evidence in deciding Defendant McGrath's Motion for Summary Judgment.  *See Hirase-Doi,* 61 F.3d at 785 n. 4; *Concrete Works of Colorado*, 36 F. 3d at 1518.  Because Plaintiff has sworn in an answer to an interrogatory that Defendant McGrath rammed his knee into Plaintiff's back, pulled Plaintiff up by his handcuffs, and hurt Plaintiff's shoulder,  (Plaintiff's Response in Opposition to Motion, Plaintiff's Answers to Defendant McGrath's Interrogs. Ex. 1, p. 4), Plaintiff has succeeded in creating a genuine issue of material fact regarding whether it was Defendant McGarth who injured Plaintiff and whether Defendant McGrath is liable for excessive

force and assault and battery.  Therefore, Defendant McGrath's Motion for Summary Judgment should be denied.

IT IS THEREFORE ORDERED that Defendant McGrath's Motion for Summary Judgment is DENIED.

_____

UNITED STATES DISTRICT JUDGE